[Civ. No. 4366. First Appellate District, Division Two.—December 29, 1922.]

## BABOO SINGH et al., Respondents, v. P. B. CROSS et al., Appellants.

[1] LANDLORD AND TENANT — LEASE OF RICE LAND — FURNISHING OF INADEQUATE AMOUNT OF WATER—ACCEPTANCE BY LESSEES—OPTION TO TERMINATE UNAFFECTED.—Under a lease of a tract of land to be planted to rice which provided that the lessors were to furnish at their own cost and expense sufficient water to mature the crop, and that in the event it was impracticable to commence the supply by a stated date the lessees should have the option of terminating the lease, their rights to exercise the option were not affected by the fact that they received and applied an inadequate amount of water to irrigate a part of the tract, where the lessors promised from time to time that the remainder would be supplied and the lessees relied upon such promise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bacigalupi & Elkus and Frank Freeman for Appellants.

Albert Jacoby for Respondents.

LANGDON, P. J.—This is an appeal from a judgment for $16,000 against the defendants P. B. Cross, Joseph Carlson, Alden Anderson, and Howard M. Payne, in an action to recover damages alleged to have been caused to plaintiffs by reason of the breach by said defendants of an agreement for the leasing of a tract of land containing over 1,200 acres, in the county of Colusa, state of California.

The lease involved here is identical in many respects with the one considered by this court in the opinion filed this day in the case of *Chanan Singh et al.* v. *Cross et al., ante,* p. 309 [212 Pac. 946]. The points of difference between the two leases being that in the present case the lease was dated February 2d, while in the Chanan Singh case it was dated April 5, 1918, and under the lease in the present case, water was to be supplied by defendants by April 15th, while

in the Chanan Singh lease it was agreed that it should be supplied by April 25, 1918.

The evidence in the instant case is substantially the same in all essential particulars as that offered in the case of *Chanan Singh et al.* v. *Cross et al., supra,* and the findings in the two cases are substantially the same. Under such circumstances it is unnecessary to discuss again herein the matters determined by the opinion in the case of *Chanan Singh et al.* v. *Cross et al., supra.* As to all matters discussed therein that opinion is controlling here.

[1] One point is urged by appellants in the present case which was not presented in the Chanan Singh case. It is that about May 11, 1918, plaintiffs received water enough to irrigate a part of their land, and applied such water and attempted to irrigate a portion of the land. The trial court found that the ''defendants failed and neglected to furnish to and upon said lands and premises a sufficient, adequate or any quantity of water for the purpose of irrigating said lands and premises as aforesaid, or at all, except an amount or quantity to partially and inefficiently and inadequately supply about 250 acres of the said premises.'' Defendants' obligation was to ''furnish water . . . in an amount usual in said locality for maturing rice that may then be planted upon said premises.'' The plaintiffs had 1,200 acres planted, according to the testimony of Baboo Singh and the findings of the court. Defendants did not fulfill their contract by supplying an amount of water inadequate to irrigate one-fifth of that area. The fact that plaintiffs applied the water they received cannot militate against their rights. As in the case of *Chanan Singh et al.* v. *Cross,* the defendant promised the plaintiffs from time to time that water would be supplied and the plaintiffs, apparently in good faith, delayed exercising their option and continued to apply their labor to the land in the hope that defendants would meet their obligations.

As to the contention of appellants that the judgment violates the stipulation of the parties as to the cost of preparing the land for rice, it is only necessary to point out that the plaintiff testified that 1,250 acres of land had been so prepared. It was stipulated that the cost of preparing the land and supplying the seed would be $13 per acre. At this stipulated figure the cost of preparation of the land

would be $16,250. The contract provided for an additional ten per cent upon this amount, making a possible total of $17,875. The judgment of the court is within this amount, being for $16,000.

There are no other matters urged by appellants which are not covered by the opinion in the case of *Chanan Singh et al.* v. *Cross et al., supra.*

The judgment is affirmed.

Nourse, J., and Sturvevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923.

All the Justices present concurred.