[Civ. No. 4368. First Appellate District, Division Two.—December 29, 1922.]

## HERNAM SINGH et al., Respondents, v. P. B. CROSS et al., Appellants.

[1] JUDGMENT—ACTION BY PARTNERS—DEATH OF ONE OF PLAINTIFFS—FAILURE TO SUBSTITUTE ADMINISTRATOR—EFFECT OF.—Where one of the plaintiffs in an action brought by several partners died subsequent to the commencement of the action and no substitution of the administrator of his estate was made, although suggestion of the death was made in open court, the judgment thereafter entered for the plaintiffs, including the deceased, was not void, but capable of correction under section 475 of the Code of Civil Procedure.

[2] PARTNERSHIP — DEATH OF PARTNER BEFORE JUDGMENT — RIGHT OF SURVIVING PARTNERS.—Where one of the partners in an action brought by them dies before judgment, the surviving partners are entitled to settle up the affairs of the copartnership. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Amended and affirmed.

The facts are stated in the opinion of the court.

Bacigalupi & Elkus and Frank Freeman for Appellants.

Albert Jacoby for Respondents.

LANGDON, P. J.—This appeal by the defendants from a judgment against them for $9,000 involves the same matters argued by appellants in the cases of *Chanan Singh et al.* v. *Cross et al., ante,* p. 309 [212 Pac. 946], and *Baboo Singh et al.* v. *Cross et al., ante,* p. 322 [212 Pac. 951], and considered by this court in opinions filed in said cases this day. The lease involved in the instant case is substantially the same and the evidence is substantially the same as in the two cases mentioned, and the reasoning of said cases is applicable here.

[1] The one additional point made in the present case is the objection that the judgment should not have run in favor of the plaintiff Jawala Singh, because of his death subsequent to the commencement of the action. The action was commenced in August, 1918. In October, 1918, Jawala Singh died. Suggestion of said death was made in open court and counsel stated that the administrator of the estate of deceased would be substituted. No substitution appears to have been made, however, and on August 10, 1920, judgment was entered for the plaintiffs, including Jawala Singh.

Subsequently, and on September 30, 1921, it appears from the statement of counsel, an order of substitution was made, but such order is not a part of the record presented to us. However, while the case was pending before this court, an order was duly and regularly made by this court and filed herein, substituting for the plaintiff and respondent Jawala Singh, D. C. Tucker, the administrator of his estate.

The case of *Sanborn* v. *Cunningham,* 4 Cal. Unrep. 95 [33 Pac. 894], appears to be in point here. There, as in the present case, the plaintiffs were partners, and one of them died before judgment was entered. Through inadvertence, the judgment was entered in the name of the deceased, instead of in the name of his executors. It was said upon appeal: "The verdict and judgment were entitled 'Charles Ford, A. D. Morey and J. C. Menasco, partners trading under the

firm name of Charles Ford & Co.' as the plaintiffs; overlooking the change made by the death of Ford, and the substitution of his executors, which had been made by order of court. It is contended by appellants that the verdict and judgment are void for this reason. The mistake is capable of correction and does not require a reversal of the judgment. (Code Civ. Proc., sec. 475.)''

As in the two companion cases mentioned, appellants contend that the judgment is excessive. The amount of land involved is 493 acres. At the stipulated cost of $13 an acre for preparing and seeding the land, the cost of preparation would be $6,409, which, together with the rental paid of $2,975 and the ten per cent allowed by the contract, would warrant a judgment in excess of the amount of the present judgment, which was for $9,000.

The judgment is amended by substituting for the plaintiff Jawala Singh, D. C. Tucker, administrator of the estate of Jawala Singh, deceased, and as so amended it is affirmed.

Nourse, J., and Sturvevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923, and the following opinion then rendered thereon:

THE COURT.—[2] In the application for transfer to this court no complaint is made of the decision with reference to the effect of the death of one of the partners before judgment. Nevertheless, we deem it proper, in denying the petition for rehearing, to call attention to the fact that the surviving partners were entitled to settle up the affairs of the copartnership. (Code Civ. Proc., sec. 1585.)

The petition is denied.

All the Justices concurred.